Trustees of North Episcopal Church *v.* James Chambers.

**Religious Societies—Methodist Church—Power of Trustees to Mortgage Church Property—Mortgage Recognition of Debt—Limitation.**

The mortgage executed by a majority of the trustees of the church was not only a direct recognition of the debt, but an unconditional promise to pay it. Hence, the statute of limitation can not be made available as a bar to recovery.

**Religious Societies—Power of Trustees to Convey Church Property— Notice to Preacher in Charge or Presiding Elder—Pleadings.**

It is not alleged in the petition that prior to the partial execution of the deed the trustees had given the notice to the preacher in charge, or the presiding elder, as required by the Methodist discipline. This paper could not bind the church, nor has the chancellor the right to enforce its specific execution against that organization.

**Religious Societies—Methodist Church—Advancement by Trustees—Reimbursement.**

Under the church discipline the trustees might have advanced the amount due appellee, and then mortgaged the church property to raise money to reimburse themselves, and from this expressed delegation of power it may be implied that, with the creditor's consent, they may secure his debt by making the mortgage directly to him.

APPEAL FROM HARRISON CIRCUIT COURT.

January 23, 1872.

OPINION BY JUDGE LINDSAY:

The mortgage executed on the 18th day of May, 1854, to Hannah Chambers by a majority of the trustees of the church, was not only a direct recognition of appellees debt, but an unconditional promise to pay it. Hence the statute of limitation cannot be made available as a bar to a recovery in this action.

The conveyance from Hannah Chambers to appellees operated in equity as a transfer to him of the benefit of her debt and mortgage. The paper dated January 16, 1866, purporting to be a deed from the church to Chambers, but which was not fully executed, shows upon its face that but three of the trustees participated in its execution.

It is not alleged in the petition that prior to the partial execution of this paper the trustees had given the notice to the preacher in charge, or the presiding elder of the district, as required by clause 7, section 4, par 2d of the Methodist discipline. This paper, therefore, does not bind the church nor has the chancellors the right to enforce its specific execution as against that organization.

All are of opinion, however, that the trustees had the right to execute the mortgage to Hannah Chambers.

Under said section of the church discipline, they might have advanced the amount due to Chambers, and then mortgaged the

church property to raise money to reimburse themselves. From this express delegation of power we think may fairly be implied that when the creditor consents thereto they may secure his debt by making the mortgage directly to him. This valid mortgage remained in full force when this action as instituted and the court has the right to foreclose it and sell the equity of redemption remaining in the church.

It was error, however, to adjudge a conveyance of the mortgaged property to appellee.

Judgment reversed and cause remanded for further proceedings consistent herewith. As Hannah Chambers is a necessary party to this proceeding, upon the return of the cause the special demurrer to appellees petition should be sustained and leave given to present the necessary amendments.

*A. H. Ward, for appellant.*

*Curry, for appellee.*